IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ARTHUR TROY KNIGHT,

    Plaintiff,

v.                              CIVIL ACTION NO.: CV513-071

EARNEST ACREE; MICHAEL WOODS;
PEGGY ANN COOPER; JERRY
MILES; ROCKY LEE; and
R. WILLIAMS,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Plaintiff filed Objections. In his Objections, Plaintiff asserts that Defendants Cooper and Woods are liable "under their individual capacity to act, or their intentional failure to act after repeatedly addressed/request for assistance, as Plaintiff formally seeked (sic) aid thru (sic) chain of command[.]" (Doc. No. 10, p. 2). Plaintiffs' Objections do not reveal that he seeks to hold Defendants Cooper and Woods liable based on any reason other than their supervisory positions, which he cannot do in an action brought pursuant to 42 U.S.C. § 1983. In addition, Plaintiff merely strings words together in his Objections, ostensibly as an attempt to show that Defendants should be liable for his negligence and property claims and that he is entitled to injunctive relief. Plaintiff's attempt fails.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the

opinion of the Court. Plaintiff's claims against Defendant Williams are **DISMISSED**. Plaintiff's supervisory claims and those claims regarding the grievance procedure against Defendants Cooper and Woods are **DENIED**. Plaintiff's negligence and deprivation of property claims and his request for injunctive relief are **DENIED**.

Plaintiff has also filed a Motion for Leave to File an Amended Complaint or Add Parties. Plaintiff contends that the Magistrate Judge erred by recommending that his deprivation of property claim against Defendant Williams be dismissed. Plaintiff alleges that "this action seeks relief towards [Defendant Williams'] intentional acts that constitutes (sic) deliberate indifference[.]" (Doc. No. 18, p. 1). However, Plaintiff does not set forth any allegations which reveal just what Defendant Williams' actions were so that Plaintiff can sustain a cause of action against him. Plaintiff also seeks to add Case Manager Harlan as a named Defendant, yet Plaintiff does not make any specific factual allegations against this individual. The portions of Plaintiff's Motion (doc. no. 18) seeking to reinstate Defendant Williams as a named Defendant and to add Harlan as a Defendant are **DENIED**. To the extent Plaintiff's request for damages in this Motion differs from his request in his original Complaint, this portion of Plaintiff's Motion is **GRANTED**.

Plaintiff's deliberate indifference to a substantial risk of serious harm claims against Defendants Acree, Cooper, Miles, Woods, and Lee remain pending.

**SO ORDERED**, this ___ day of _____, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)